# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:13-CR-22 |
| DANIELLE ROSS, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Currently before the Court are a Motion for Discovery, Inspection of Physical Evidence, and *Brady* Material (Doc. 14), a Motion for Bill of Particulars (Doc. 16), and a Motion to Quash (Doc. 22) filed by Defendant Danielle Ross. For the reasons that follow, Defendant's Motion for Bill of Particulars will be denied and her Motion to Quash and Motion for Discovery, Inspection of Physical Evidence, and *Brady* Material will be granted in part and denied in part.

## BACKGROUND

On February 12, 2013, the Grand Jury indicted Defendant on two counts of attempting to evade or defeat tax under 26 U.S.C. § 7201[1] and two counts of fraud and false statements under 26 U.S.C. § 7206(1).[2] The Indictment (Doc. 1) alleges the following:

---

[1] 26 U.S.C. § 7201 provides that: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by [Title 26] or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . ., or imprisoned not more than 5 years, or both, together with the costs of prosecution."

[2] 26 U.S.C. § 7206(1) provides that: "Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . ., or imprisoned not more than 5 years, or both, together with the costs of prosecution."

Defendant is an attorney licensed to practice law in Pennsylvania. (*Id.* at ¶ 1.) By order of the Lackawanna County Family Court, filed on January 28, 2008, Defendant was appointed guardian ad litem effective January 23, 2008 and would be paid $18,000 per year in the part-time position. (*Id.* at ¶ 3.) To implement the order, Defendant entered into a contract with the court in June 2008. (*Id.* at ¶¶ 4–5.) The contract defined Defendant as an independent contractor; designated her as the sole guardian ad litem to be appointed for any custody, dependency, or juvenile case, or any other case where the court deemed appointment to be necessary; specified that she would serve as the court's full-time guardian ad litem for one year, effective September 1, 2008; and set her annual salary at $38,000. (*Id.* at ¶¶ 4–6.) The contract also allowed Defendant to bill private paying parties involved in the cases in which she was appointed in the same manner as set forth in the Guidelines for Guardian Ad Litems in Lackawanna County. (Doc. 1 at ¶ 6.) The guidelines allowed Defendant to bill private paying parties above her annual compensation at a rate of $50 per hour; if the parties were indigent, the contract allowed her to bill Lackawanna County above her annual salary. (*Id.*) A successor contract between Defendant and the Lackawanna County Family Court, dated July 21, 2009, contained the same terms. (*Id.* at ¶ 7.)

In addition to the benefits provided for in her contracts, Defendant was given a business office in the Lackawanna County Family Court's Administration Building and had free and full use of the Court Administration Office's resources, including court personnel. (*Id.* at ¶ 8.) Defendant maintained her own records for the private paying parties that she billed and had complete control over those records. (*Id.* at ¶ 9.) Defendant accepted cash and checks from those parties for her services. (*Id.*)

From the beginning of her contractual relationship with the Lackawanna County Family Court, Defendant was paid as an independent contractor and received IRS 1099 Forms, which reflected her annual compensation as well as county payments for services Defendant rendered to indigent parties. (*Id.* at ¶ 10.) Defendant also received additional income from billing private paying parties; the Lackawanna County Family Court was not required to approve Defendant's hourly bills to the private paying parties and did not know how much additional income she received from those parties. (Doc. 1 at ¶ 10.)

During her tenure as the sole guardian ad litem for the Lackawanna County Family Court, Defendant and her husband jointly filed IRS 1040 Forms annually. (*Id.* at ¶ 11.) Defendant verified under penalty of perjury that each jointly-filed tax return was true and correct as to every material matter. (*Id.*) The tax returns verified by Defendant for 2009 and 2010 failed to report any income she received from private paying parties. (*Id.* at ¶¶ 12, 14, 16, 18, 20.) Defendant fraudulently and falsely failed to report the income that she received from private paying parties, and, in doing so, willfully attempted to evade additional tax due and owing on that income. (*Id.*)

**ANALYSIS**

**I. Motion for Bill of Particulars (Doc. 16)**

Defendant moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars. A bill of particulars is a "formal, detailed statement of the claims or charges brought" by a prosecutor. Black's Law Dictionary 184 (9th ed. 2009). A court is authorized under Rule 7(f) to direct the government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his

defense, to avoid surprise during trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2004) (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)). A bill of particulars "is not to be used by the defendant as a discovery tool," *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa.1983), nor is it a vehicle to compel disclosure of the details of the government's theory of the case, *United States v. Tedesco*, 441 F. Supp. 1336, 1343 (M.D. Pa. 1977). A bill of particulars is appropriate only when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989). The Third Circuit has found that an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality neither prejudices a defendant in preparing his defense nor endangers his constitutional guarantee against double jeopardy. *Addonizio*, 451 F.2d at 58 n.7; *see also United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court. *Addonizio*, 451 F.2d at 64. In determining whether to grant a motion for a bill of particulars, courts must take into account "numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of facts before it is in a position to do so." *Rosa*, 891 F.2d at 1066. Additionally, "the court may consider not only the indictment, but also all the information that has been made available to the defendant." *Fischbach*, 576 F.Supp. at 1389. There is less need for a bill of particulars in cases where the government

4

provides substantial discovery.  *Urban*, 404 F.3d at 772.

Defendant contends that because the Indictment lacks detail and merely sets forth general allegations, she cannot reasonably be expected to know the precise allegations against her.  (Doc. 17 at 4.)  In particular, she notes that the Indictment does not specify: the amount of income that she allegedly earned in 2009 and 2010 (Doc. 25 at 3); the additional tax allegedly due and owing on her 2009 and 2010 federal income tax returns (Doc. 17 at 5); where or how she verified, signed, or attested to the contents of those returns (*Id.* at 5–6); or whether her original or amended 2009 and 2010 federal income tax returns are at issue in this case (Doc. 25 at 3).  She asserts that these deficiencies in the Indictment prevent her from adequately preparing for trial and will result in unfair and prejudicial surprise at trial. (Doc. 17 at 4.)  In response, the government argues that a bill of particulars is unnecessary, as the thirteen-page Indictment clearly describes the government's theory of the case, summarizes the evidence, and tracks the language of the statutes that Defendant is alleged to have violated.  (Doc. 20 at 6.)  The government also contends that the details sought by Defendant are contained in the 10,000 pages of discovery that it has given her.  (*Id.* at 7–8.)

The Court finds that a bill of particulars is not warranted here.  A bill of particulars is "not intended to provide the defendant with the fruits of the government's investigation;" it is meant to inform her of the nature of the charges brought against her and give her only "that minimum amount of information necessary to permit [her] to conduct [her] *own* investigation."  *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).  Because the detailed Indictment, whose language tracks that of the two statues Defendant has allegedly violated, and extensive discovery sufficiently inform Defendant of the nature of the charges

against her and provide her with adequate information to conduct her own investigation, she is able to adequately prepare her defense and avoid prejudicial surprise at trial. Thus, Defendant's attempt to use a Motion for a Bill of Particulars (Doc. 16) as a vehicle to compel disclosure of the details of the government's theory of the case will be denied.

## II. Motion for Discovery, Inspection of Physical Evidence, and *Brady* Material (Doc. 14)

### A. *Brady* Material

There is no constitutional right to discovery in a criminal case. *United States v. Mariani*, 7 F. Supp. 2d 556, 561 (M.D. Pa. 1998) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). However, some evidence, courts have reasoned, must be disclosed to protect defendants' due process rights. For instance, evidence which is both exculpatory and material must be disclosed by the government. *Id.* (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Higgs*, 713 F.2d 39, 42 (3d Cir. 1983)). Exculpatory evidence is evidence which "goes to the heart of the defendant's guilt or innocence as well as that which might alter the jury's judgment of the credibility of a crucial prosecution witness." *Giglio v. United States*, 405 U.S. 150, 154 (1972). Exculpatory evidence should be found to be material if it raises reasonable doubt as to the defendant's guilt. *United States v. Agurs*, 427 U.S. 97, 112 (1976)). It is within the discretion of the trial court to order pretrial disclosure of *Brady* and *Giglio* material. *Higgs*, 713 F.2d at 44 n.6; *see also Gov't of Virgin Islands v. Martinez*, 847 F.2d 125, 127 (3d Cir. 1988).

*Brady* did not create a right to discovery; it placed a duty upon prosecutors to disclose material that is both exculpatory and material. *United States v. Rodriguez*, No. 07–CR–709–01, 2008 WL 4925010, *2–3 (E.D. Pa. Nov. 17, 2008) (citing *Weatherford*, 429

U.S. at 559; *United States v. Bagley*, 473 U.S. 667, 682 (1985)).  When a defendant merely makes a general *Brady* request, it is in the government's discretion whether to disclose its information.  *Id.*  (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987)).  To obtain even an *in camera* inspection of evidence, a defendant must allege that the prosecution has withheld *Brady* evidence and "must at least make a 'plausible showing' that the inspection will reveal material evidence.'"  *Id.*  (citing *Ritchie*, 480 U.S. at 59–60); *see also United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998); *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001).

Defendant believes that the government has failed to disclose various pieces of exculpatory and material evidence that it must pursuant to *Brady*.  (Doc. 15 at 7–10.)  She seeks the name and address of each person interviewed by the government in this case and any written or oral statements that they made to the government.[3]  (*Id.* at 9.)  Defendant also seeks any written or oral statements made by interviewed individuals who will not be called as government witnesses that may be exculpatory or used to discredit or impeach any government witness.  (*Id.*)  She similarly seeks any reports, memoranda, or other documents made by a federal agent in this case which may be exculpatory or used to discredit or impeach any government witness.  (*Id.* at 10.)  Finally, Defendant seeks any information or evidence showing that a government witness, investigator, or prosecutor is biased against her.  (*Id.* at 8, 10.)  She requests that the government make an affirmative search for this *Brady* evidence in its records as well as the records of any related federal, state, or local

---

[3] In particular, Defendant seeks any material and exculpatory statements made by her accountant.  She contends that "[i]t is standard practice in a tax case to interview the accountant of the taxpayer" and believes that any statements made by her accountant to the government would show that she lacked the intent required to convict her of the crimes with which she has been charged.  (Doc. 15 at 7.)

7

governmental or law enforcement agencies.  (*Id.* at 9.)

"[I]n no event is the government required to divulge the identity of its witnesses in a noncapital case."  *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1971) (citations omitted); *see also United States v. DePasquale*, 740 F.2d 1828, 1294 (3d Cir. 1984).  It is also "firmly established" that a defendant is not entitled to a list of the government's prospective witnesses.  *Addonizio*, 451 F.2d at 64 (citing *United States v. Jaskiewicz*, 278 F. Supp. 525 (E.D. Pa. 1968); *United States v. Palmisano*, 273 F. Supp. 750 (E.D. Pa. 1967)).  Defendant is thus not entitled to a list of the government's potential and actual witnesses or all written or oral statements made by those individuals to the government.

However, Defendant is entitled under *Brady* to any material and exculpatory evidence as well as "evidence that can be used to impeach the prosecution's witnesses . . . ." *Bagley*, 473 U.S. at 676–77; *see also Giglio*, 405 U.S. at 154.  Therefore, the government must disclose all existing material that contains *Brady* or *Giglio* information to Defendant "in time for its effective use at trial."[4]  *Higgs*, 713 F.3d at 44.  Even though the government states that it is aware of its discovery obligations under federal law and pursuant to Department of Justice guidelines (Doc. 21 at 6), it bears noting that "*Brady* establishes an affirmative duty to seek out material, exculpatory evidence which is in 'the possession of some arm of the state' as well as a continuing obligation to disclose such information." *Rodriguez*, 2008 WL 4925010, at *4 (citing *United States v. Perdomo*, 929 F.2d 967, 970–71 (3d Cir. 1991); *United States v. Thornton*, 1 F.3d 149, 158 (3d Cir. 1993)).  Accordingly, Defendant's motion

---

[4] The Court notes that "compliance with the statutory requirements of the Jencks Act does not necessarily satisfy the due process concerns of *Brady*." *United States v. Starusko*, 729 F.2d 256, 263 (3d Cir. 1984) (citations omitted); *see also United States v. Murphy*, 569 F.2d 771, 774 (3d Cir. 1978).

8

will be granted in part and denied in part with respect to *Brady* material.

### B. Agency and Adoptive Statements

The government must produce statements made by Defendant if they fall under Federal Rule of Criminal Procedure 16. Rule 16 requires the government to disclose any oral statements made by the defendant in response to interrogation by a government agent and any written or recorded statements by the defendant within the government's possession. Fed. R. Crim. P. 16(a)(1). Defendant requests all statements made by her; this request is too broad and falls outside the confines of the Rules of Criminal Procedure. Defendant's motion to compel production of her own statements will be granted, but only as to statements covered by Rule 16.

Further, the government need not produce any statements made by Defendant's agents. Defendant argues that in *United States v. Bainbridge Management, Inc.*, Nos. 01 CR 496–1, 01 CR 469-6, 2002 WL 538777, at *14 (N.D. Ill. Apr. 11, 2002), the Northern District of Illinois required the government to produce statements made by the defendant's agent. However, as the Court noted in *United States v. Salko*, No. 1:07–CR–0286, 2008 WL 4006747, at *13 (M.D. Pa. Aug. 26, 2008), the defendant in *Bainbridge Management* was an organization, not an individual. Organizational defendants are entitled to the statements of their agents under Federal Rule of Criminal Procedure 16(a)(1)(C). Because Defendant is an individual defendant, *Bainbridge Management* and Rule 16(a)(1)(C) are inapplicable. Thus, her motion will be denied with respect to the compulsion of agency statements.

### C. Certification

Defendant's request for a certification from the prosecution will be denied. Defendant

states that she seeks the certification pursuant to *Strickler v. Greene*, 527 U.S. 263 (1999) and *Kyles v. Whitley*, 514 U.S. 419 (1995). Although these cases discuss the prosecution's duty of disclosure, they do not outline any affirmative duty to provide a certification of compliance. Similarly, the applicable Department of Justice guidelines do not require the government to certify that it has met its disclosure obligations. This portion of Defendant's motion does not have any basis in law and will be denied.

### D. Rule 404(b) Evidence

Federal Rule of Evidence 404(b) states that upon request of the defendant, the prosecution shall provide reasonable pretrial notice of any evidence of other crimes, wrongs, or acts that it intends to introduce at trial. Defendant seeks clarification from the government regarding whether it intends to offer such evidence at trial. (Doc. 15 at 12.) The government responds that it will give Defendant reasonable pretrial notice of any uncharged misconduct evidence it will offer under Rule 404(b), acknowledging the benefits of early disclosure. (Doc. 21 at 10–11.) Therefore, Defendant's motion will be denied as moot in this regard.

### E. Prior Criminal Record

Defendant seeks "clarification of the government's position" regarding Federal Rule of Criminal Procedure 16(a)(1)(D) (Doc. 15 at 12) and requests that the government give her a copy of her prior criminal record (Doc. 14 at ¶ 19). Rule 16(a)(1)(D) provides that the government must provide the defendant, upon her request, with a copy of her prior criminal record "that is within the government's possession, custody, or control" if the prosecutor knows, or could know through due diligence, that the record exists. As the government has not responded to this request in its brief in opposition, Defendants' motion will be granted in

10

this regard. The government will be ordered to give Defendant a copy of her prior criminal record, provided that such a record is within the government's possession, custody, or control, and the prosecutor knows or could know through due diligence that the record exists.

### F. Expert Testimony

Federal Rule of Criminal Procedure 16(a)(1)(G) provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use" in expert testimony. Fed. R. Crim. P. 16(a)(1)(G). Such a summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* This rule is intended to provide the defendant with "a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Committee Notes to 1993 Amendment of Fed. R. Crim. P. 16.

As the government has not yet identified any expert who will testify at trial, Defendant requests the government to address whether it intends to call an expert witness at trial and provide a written summary of that expert's opinion and basis for that opinion. (Doc. 15 at 12–13.) Defendant also seeks any grand jury testimony of any expert witness that the government may call in this case. (*Id.* at 13.) The government responds that it intends to fully comply with Rule 16(a)(1)(G) well in advance of trial by notifying Defendant of any experts once they are identified and providing a written summary of any expert's qualifications, opinions, and bases of those opinions. (Doc. 21 at 11–12.) Accordingly, Defendant's motion will be denied as moot in this regard.

## III. Motion to Quash Subpoenas (Doc. 22)

Defendant moves for the Court to quash a subpoena sent by the government to

11

Widener University, Defendant's law school alma mater. (Doc. 22.) The subpoena commands Molly Acri, an employee in Widener's Registrar's Office, to appear and testify at trial or, alternatively, produce any and all records concerning Defendant from the time of her attendance at Widener through the present. (Doc. 24, Ex. A.) The documents sought by the government include, but are not limited to: "enrollment, applications, dates attended, academic records, transcripts, extracurricular activities, memberships, financial disclosures, disciplinary and/or misconduct reports and actions taken, [and] employment . . . ." (*Id.*) Defendant contends that the personal information sought by the government is irrelevant to the charges against her and protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. (Doc. 23 at 1.) She also argues that the subpoena is impermissibly overbroad. (Doc. 26 at 3.)

Federal Rule of Criminal Procedure 17(c) "was not intended to be a broad discovery device, and only materials that are 'admissible as evidence' are subject to subpoena under the rule." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981) (quoting *Bowman Diary Co. v. United States*, 341 U.S. 214, 221 (1951)). "The test for enforcement is whether a subpoena constitutes a good faith effort to obtain identified evidence rather than amounting to a general 'fishing expedition' that attempts to use the rule as a discovery device." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (citations omitted). To obtain pretrial production and inspection of unprivileged materials from a third party witness, a party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonbly to delay the trial; and (4) that the

application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). "Decisions regarding the quashing or modification of Rule 17 subpoenas are committed to the district court's discretion." *Cuthbertson*, 630 F.2d at 145 (citing *Nixon*, 418 U.S. at 702).

The government contends that the records sought, which pertain to Defendant's legal education and substantiate her status as a trained attorney, are relevant and highly probative of her willfulness.[5] (Doc. 24 at 4–6.) The government also argues that the records sought from Widener are not otherwise procurable in advance of trial without a subpoena and are necessary to adequately prepare for trial, as the evidence will be part of its case-in-chief. (*Id.* at 6–7.) Finally, the government asserts that the subpoena was not issued in bad faith and does not lack specificity. (*Id.* at 7.)

The Court finds that the subpoenaed documents are evidentiary, relevant, and not otherwise procurable in advance of trial. The Court also finds that the government would not be able to properly prepare for trial without the pretrial production and inspection of the subpoenaed documents, which will be used in the government's case-in-chief, and that the government applied for the subpoena in good faith. However, the Court finds that the subpoena is overbroad with respect to the relevant time fame[6] and scope of the

---

[5] Defendant disputes that she willfully misrepresented her income on her 2009 and 2010 federal income tax returns. She contends that any inaccuracies in those returns "are the result of basic factual mistakes and misunderstanding" by her husband, who prepared the joint returns, "rather than any legal misunderstanding or attestations by [Defendant]." (Doc. 26 at 2.)

[6] Although the government contends that "the relevant time frame is limited to [Defendant's] attendance dates" (Doc. 24 at 7), the subpoena seeks documents "for all time periods of attendance up and through the present" (Doc. 24, Ex. A).

requested documents.  Therefore, the Court, in its discretion, will modify the scope of the subpoena so that it is limited to records showing that Defendant graduated from law school and/or completed any courses in criminal law and/or taxation in law school.  Thus, Defendant's Motion to Quash (Doc. 22) is granted in part and denied in part.

## **CONCLUSION**

For the above stated reasons, Defendant's Motion for Bill of Particulars (Doc. 16) will be denied and her Motion to Quash (Doc. 22) and Motion for Discovery, Inspection of Physical Evidence, and *Brady* Material (Doc. 14) will be granted in part and denied in part.  An appropriate order follows.

July 23, 2013  /s/ A. Richard Caputo
Date   A. Richard Caputo
  United States District Judge